*0 11·15*

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

Howard Harris, Jr.
Petitioner

v.

The State of Texas
Respondent

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

---

## PETITION FOR DISCRETIONARY REVIEW

On petition for discretionary review from the Tenth Court of Appeals: Cause No. 10-13-00313-CR, Affirming the conviction in Cause No. 12-02272-CRF-85, from the 85th District Court of Brazos County, Texas.

FILED IN
COURT OF CRIMINAL APPEALS

MAR 03 2015

Abel Acosta, Clerk

ORAL ARGUMENT WAIVED

Howard Harris, Jr.
TDCJ No. 1882438
Berry Telford Unit
3899 State Hwy 98
New Boston, Tx. 75570

PRO SE

# TABLE OF CONTENTS

Index of Authorities_____ 3,4

Names of Parties_____ 5

Statement Regarding Oral Argument_____ 6

Statement of the Case and Procedural History_____ 8

Grounds for Review One_____ 9

THE TENTH COURT OF APPEALS ERRED BY FINDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN NOT ALLOWING DEFENSE COUNSEL TO CONFRONT OR CROSS-EXAMINE WITNESS REGARDING INCONSISTANT STATEMENTS OR MEDICAL DIAGNOSIS IN VIOLATION WITH RULE 412; UNITE STATES CONSTITUTION AMENDMENTS SIX AND FOURTEEN.

Reason for Review _____ 9

Statement of Facts _____ 10,11

Arguments and Authorities _____ 11-16

1.

Prayer for Relief _____

Certificate of Compliance _____

Certificate of Service _____

APPENDIX - Copy of the opinion rendered by the
Tenth Court of Appeals.

2.

# INDEX OF AUTHORITIES

Constitution Amendment Six and Fourteen ———————————— 12

Crawford V. Washington, 124 S.Ct. 1354 ———————————— 13

Pointer V. Texas, 85 S.Ct. 1065 ———————————— 12

Deleware V. Van Arsdall, 106 S.Ct. 1431 ———————————— 13

Alford V. United States, 51 S.Ct. 218 ———————————— 14

Davis V. Alaska, 94 S.Ct. 1105 ———————————— 14

Gilmore V. Taylor, 113 S.Ct. 2112 ———————————— 15

United States V. McClure, 546 F.2d. 670 ———————————— 15

Miller V. State, 36 S.W. 3d 503 ———————————— 15

Lopez V. State, 18 S.W. 3d 227 ———————————— 14

Hammer V. State, 296 S.W. 3d 555 ———————————— 14

Shelby V. State, 819 S.W. 2d 544 ———————————— 13

Carroll V. State, 916 S.W. 2d 494 ———————————— 13

Richardson V. State, 744 S.W 2d 65 ———————————— 15

Tate V. State, 981 S.W. 2d 189 ———————————— 16

Johnson V. State, 43 S.W. 3d 3 ———————————— 16

Kesterson v. State, 997 S.W. 2d 290 _____ 16

Statutes:

Tex. R. App. P. 66.3 (c) _____ 9

Tex. R. App. P. 66.3 (f) _____ 9

Tex. R. App. P. 44.2 _____ 13,16

Tex R. Evid 104 (a) _____ 13

Tex. R Evid. 104 (e) _____ 13

Tex. R. Evid 401 _____ 12

Tex. R. Evid 403 _____ 12

Tex. R. Evid 404 _____ 12

Tex. R. Evid 412 _____ 12

Publications:

Kennith Brown Et. AL., McCormick on Evidence § 29 at 38-39
John William Strong ed. West Publishing Co. 4th. ed 1992
page _____ 13

4.

## NAMES OF PARTIES

In accordance with Tex. R. App. P. 38.1(a), the petitioner submits that the following are interested parties:

Howard Harris, Jr.                    Appellant-TDCJ-ID Inmate

Kara Comte                            Prosecutor At Trial
Ekua Assibill                         Assistant District Attorney
                                      300 E. 26th Street, Suite 310
                                      Bryan, Texas 77803

David Hillburn                        Defense Counsel At Trial
                                      1716 Briarcrest Drive,
                                      Suite 505
                                      Bryan, Texas 77802

Hon. J. D. Langley                    Presiding Judge
                                      85th District Court
                                      Brazos County, Texas

Amy A. Banks                          Defense Counsel on Appeal
                                      500 East 29th Street
                                      Bryan, Texas 77803

Jessica Escue                         States Appellate Counsel
                                      Assistant District Attorney
                                      300 E. 26th Street, Suite 310
                                      Bryan, Texas 77803

5.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39, Petitioner waives oral argument unless the Court believes the decisional process would be significantly aided by any argument.

6.

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

Howard Harris, Jr.
Petitioner

V.

The State of Texas
Respondant

---

PETITION FOR DISCRETIONARY REVIEW

On Petition for Discretionary Review from the Tenth Court of Appeals: Cause No. 10-13-00313-CR, Affirming the conviction in Cause No. 12-02272-CRF-85, from the 85th District Court of Brazos County, Texas.

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Howard Harris, Jr, Pro Se, and files this Petition for Discretionary Review and In support of his request he respectfully shows the Court the following:

1.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This is a petition for discretionary review arising from appellant's two counts of aggravated sexual assult of a child. Because the jury found true the enhancement paragraph alleging a prior conviction of aggravated sexual assult of a child, Petitioner recieved an automatic life sentence on each count pursuant Texas Penal Code Ann. § 12.42 (c)(2), (g)(1).

Petitioner was indicted on May 10, 2012 for events that allegedly occurred on or about August 1, 2008.

Upon his plea of not guilty to a jury, on August 27, 2013 (RR3-17)[1]. Petitioner was tried in the 85th District Court of Brazos County Texas with the Honorable J.D. Langley presiding. On August 29, 2013 he was convicted of two counts of aggravated sexual assult of a child.

Petitioner gave timely notice of appeal on August 29, 2013 and was appointed counsel to represent him on appeal.

The Tenth Court of Appeals issued an unpublished memorandum opinion affirming petitioners conviction on December 11, 2014. Motion for rehearing was not filed.

---

[1]. The single volume of the Clerk's Record will be referenced CR and the page number. (CR pg#). The Reporters Record will be referenced RR and the volume number followed by the page number. (RR1 pg#).

8.

THE TENTH COURT OF APPEALS ERRED BY FINDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN NOT ALLOWING DEFENSE COUNSEL TO CONFRONT OR CROSS-EXAMINE WITNESS REGARDING INCONSISTANT STATEMENTS OR MEDICAL DIAGNOSIS IN VIOLATION WITH RULE 412; UNITED STATES CONSTITUTION AMENDMENTS SIX AND FOURTEEN.

Reasons for Review:

1. The Tenth Court of Appeals has decided an important question of law that conflicts with Supreme Court ruling on the same issue. U. S. Const. Amends Six and Fourteen; Crawford v. Washington, 124 S.Ct. 1354; Tex.R. Evid. 412. Tex. R. App. P. 66.3 (c).

2. The Tenth Court of Appeals has decided an important question of law that conflicts with Tex. R. Evid 401, 403 and 404. Tex. R App. P. 66.3 (c).

3. The decisions of the Tenth Court of Appeals requires review because the Court of Appeals has so far departed from the accepted and usual course of judicial proceeding as to call for an exercise of the Court of Criminal Appeals power of supervision. Tex. R. App. P. 66.3(f).

9.

## STATEMENT OF FACTS

Harris' trial Counsel, prior to the commencement of the trial and outside the presence of the jury, sought to introduce evidence, under Texas Rule of Evidence 412, that the complainant had changed her reported sexual history to her physician a week after it was discovered that the complainant was diagnosed with Chlamydia at her annual womans visit in 2011. Only after this finding did she make an outcry against Harris. (RR3, 50). The State responded that such evidence was more prejudicial than probative under Texas Rule of Evidence Rule 404(b) and that the State believed that the progression would lead to show that the complainant was lying. The state believed that the medical diagnosis of the complainant and Harris would be misleading because they had no offer of proof that Harris was ever diagnosed with Chlamydia, but in fact Harris was diagnosed in 2007, upon release from the Texas Department of Criminal Justice, of having genital herpes to which their is no cure.

The trial court denied the defense counsel's request to go into any of the sexual history statements made by the Complainant, or the defendant as far as any sexually transmitted diseases were concerned. The trial court concluded that the presence of the STD's does not tend to show that the sexual assult did or did not occur, therefore not relevant. The trial court did allow counsel to make a bill. (RR3, 6-14). Thus, the jury

10.

was denied the ability to hear the proffered evidence and judge the weight and credibility of the witness.

## Arguments and Authorities

Appellant argued that the trial court abused its discretion by not allowing the jury to hear evidence of conflicting statements made by the complainant or the medical evidence of conflicting diagnosis of highly contractable sexually transmitted diseases. The Tenth Court of Appeals ruled with the State that the complainan's inconsistant statements about her sexual partners is not evidence of "specific instances" of sexual behavior that would implicate Rule 412 and moreover because the complainant did not testify about her history, so the prior inconsistant statements would not be admissible under Rule 613.

Prior to the complainant's diagnosis of having Chlamydia in 2011, she told her nurse practitioner that she had three (3) sexual partners, including one (1) in the past six (6) months. She also stated that none of her partners had ever been incarcerated. It was a week later that she was told that she had contracted Chlamydia. The complainant then changed her statements, stating that she only had two (2) sexual partners and none (0) in the past six months, then implicated appellant for acts which allegedly occured in

11.

2008, who had been incarcerated. By this change in the complainant's statement, it would indicate that she had been harboring the Chlamydia for almost three (3) years, which went unnoticed by her or any medical examinations prior to 2011. This alone could be a reason to change her reported history, to eliminate the sexual partner that she claimed in her first statement. The jury was entitled to hear and evaluate the weight and credibility of the evidence and the complainant. Rule 412 of the Texas Rule of Evidence permits specific instances of an alleged victims past sexual behavior if it is evidence that relates to the motive or bias of the alleged victim. Tex. R. Evid 412 (b)(2)(c). Moreover, under Rule 412(b) (2)(e)(3), as well as Tex. R. Evid 401, 403 and 404, the proposed evidence is admissible. For the trial court not to allow cross-examination of the only witnesses inconsistant statements, and the conflicting medical diagnosis of the complainant and the defendant, violates the defendants Constitutional rights guaranteed by the Sixth and Fourteenth Amendments.

The Sixth Amendment guarantees the right of a criminal defendant to be confronted with the witnesses against him. U. S. Const. Amend II. This right is made obligatory on the states by the Fourteenth Amendment. Pointer V. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). Where the excluded evidence is sought during cross-examination, the Confrontation Clause of the United States

12.

Constitution is implicated. U.S. Const. Amend VI; Crawford v. Washington, 541 U.S. 36, 59 n.9 124 S.ct. 1354, 158 L.Ed. 2d 177 (2004); Deleware v. Van Arsdall, 475 U.S. 673, 678, 106 S.Ct. 1431, 1434-35, 89 L.Ed.2d 674 (1986). Errors of this sort are subject to a harm analysis, and must be reversed unless the Court finds, beyond a reasonable doubt that the error did not contribute to the conviction or punishment. See Tex. R. App. P. 44.2(a); Shelby v. State, 819 S.w. 2d 544, 547 (Tex. Crim.App. 1991). There are three main purposes of cross-examination: (1) to shed light on the credibility of the direct testimony; (2) to elicit additional facts related to those brought out on direct; and (3) in States following the "wide open" rule, to bring out additional facts that tend to illuminate any issue in the case. See Kennith Brown Et. AL., Mc Cormick On Evidence § 29 at 38-39. (John William Strong ed., West Publishing Co. 4th ed. 1992). See also Carroll v State, 916 S.w. 2d 494, 498 (Tex. Crim.App. 1996).

Rule 104 gives the trial court considerable discretion in determining the admissibility of evidence. Tex. R. Evid 104(a). But it "does not" limit the right of a party to introduce before the jury evidence relevant to weight or credibility. Id. 104(e). It follows that where the purpose of cross-examination is to shed light on the weight or credibility of the testimony given on direct, the trial court's discretion is more attenuated; a defendant should have an opportunity to bring out facts which

13.

would tend to discredit a witness by showing his testimony was untrue or biased. See Id.; Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931). Cross-examination for this purpose is "always relevant as discrediting the witness and affecting the weight of his testimony." See Davis V. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).

In sexual assult cases, " the credibility of both the complainant and defendant is a central, often dispositive, issue." The Court of Criminal Appeals has held that " the Rules of Evidence, especially Rule 403, should be used sparinaly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." Hammer V. State, 296 S.W. 3d 555, 209 Tex. Crim. App. Lexis 513, 516, (Tex. Crim. App. 2009) (citing e.g. Lopez, 18 S.W. 3d at 277 (keller, J. concurring)(noting that while credibility is no more important in sex offense cases than other cases, it "is more likely to be the only factor in sex cases than it is in other types of cases" in which "one can expect corroborating evidence", thus the Rule 403 balancing approach would most often render evidence admissible in such cases. The Court of Criminal Appeals has also held that " the Texas Rules of Evidence permit the defendant to cross-examine a

14.

witness for his purported bias and motive without undue limitation or arbitrary prohibitation. Id at 563; See also Richardson v. State, 744 S.W. 2d 65, 70 (Tex. Crim. App. 1987) noting that both under Texas law and Davis v. Alaska, "the accused is given great latitude in showing any fact which would tend to establish ill feeling, bias, or motive for fabrication on the part of any witness testifying against the accused."

The United States Constitution ensures that criminal defendant's will have "a meaningful opportunity to present a complete defense." Miller v. State, 36 S.W. 3d 503, 506 (Tex. Crim. App. 2001) (quoting Gilmore v. Taylor, 508 U.S. 333, 343, 113 S.ct. 2112, 124 L.Ed. 2d 306 (1993)). Therefore, "a defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule." Miller, 36 S.W. 3d at 507. A defendant has the right to present a vigorous defense and the jury should be allowed to hear all admissible evidence offered by the defendant that bears on any defensive theories, so that the jury can weigh the credibility of this evidence, along with other evidence in the case. Id at 508; United States v. McClure, 546 F.2d 670, 672-73 (5th. Cir 1977). A jury cannot properly convict or acquit absent the opportunity to hear proffered testimony bearing upon

15.

a defensive theory and to weigh its credibility along with other evidence in the case. Tate v. State, 981 S.W. 2d 189, 193 (Tex. Crim. App. 1998).

The excluded evidence in the appellants case was highly probative of his defensive theory and its exclusion significantly impared the appellants ability to present his defense. The States only real evidence was that of the complainants statements and testimony. No other evidence implicated the defendant of the alleged sexual assult. Therefore, the complainant's inconsistant statements made to her phsysician and the evidence of conflicting sexually transmitted diseases between the complainant and the defendant should have been allowed to be heard by the jury to evaluate the weight and credibility of both the defendant and the complainant. It cannot be concluded that the exclusion of the evidence did not have an injurious effect or influence in determining the jury's verdict. Thus, should be ruled reversable error. See Tex. R. App. P. 44.2 (b); Johnson v. State, 43 S.W. 3d 3-4 (Tex. Crim. App. 2001); Kesterson v. State, 997 S.W. 2d 290, 294-96; Lape v. State, 893 S.W. 2d 949, 962 (Tex. App - Houston [14th Dist.] 1994 pet. ref'd).

16.

## PRAYER FOR RELIEF

Wherefore, Premises Considered, for the above reasons, Petitioner respectfully ask this Court to grant review of the decision of the Court of Appeals and reverse the judgment of that Court, or alternatively, remand the case to the Court of Appeals for re-examination with guidance from this Court.

Respectfully Submitted,

*Howard Harris for*

Howard Harris, Jr. Pro Se
TDCJ No. 1882438
Berry Telford Unit
3899 State Hwy 98
New Boston, Tx. 75570
Feb. 23, 2015

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with Texas Rule of Appellate Procedure 9.4.

17.



# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00313-CR

**HOWARD HARRIS, JR.,**

                                                        **Appellant**

**v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

**From the 85th District Court
Brazos County, Texas
Trial Court No. 12-02272-CRF-85**

## MEMORANDUM OPINION

A jury found Appellant Howard Harris, Jr. guilty on two counts of aggravated sexual assault of a child. Because the jury found as true the enhancement paragraph alleging a prior conviction of aggravated sexual assault of a child, Harris received an automatic life sentence on each count. *See* TEX. PENAL CODE ANN. § 12.42(c)(2), (g)(1). Asserting two issues, Harris appeals. We will affirm.

We begin with Harris's second issue, which asserts that the evidence is insufficient. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

In August of 2011, M., the victim, was age 15, and she made an outcry of sexual abuse by Harris, her uncle, that allegedly occurred approximately three years before her outcry. At the time of trial, M. was age 17. She said that when she was around age 12, she spent a lot of time with her younger cousin K.H. and Harris.

M. testified that the first incident happened at the time of a large family gathering at another uncle's house with several other children, aunts, and uncles in the summer of 2008. She said that, at the time of the incident, she was alone in the living room and asleep on the couch. The other children were in the bedroom, and the adults were outside. Harris came inside, woke her up, and told her that when he returned, he wanted her to be naked. Harris went outside but soon came back in and locked the door. He asked M. why she was not naked, and when she did not respond, he took her

near the kitchen, pulled her pants down, and began to have intercourse with her. It was not long before someone knocked on the door, and Harris then ran to the bathroom. M. unlocked the door and one of her aunts was there. M. then returned to the couch, and she was too scared to tell her aunt what had just happened.

M. said that, on another occasion that summer, she and her cousin K.H. went to the apartment of Meca, Harris's girlfriend, to do laundry. M. and K.H. were in Meca's bedroom watching television. Later that night, when the power went out, Harris got in bed between M. and K.H., and after K.H. went to sleep, Harris woke up M. and told her to come to the living room with him. M. said that she followed him and sat on the couch. Harris then told her not to tell anyone about their relationship because it would hurt his relationship with his brother, M.'s father. M. testified that Harris then pulled down his pants and asked her to perform oral sex, which M. did and then returned to the bedroom. Harris told her that he would kill her if she ever told anyone.

M.'s mother testified that in 2011, she took M. to the doctor for her annual checkup. After her checkup, M. started crying and told her mother that Harris had "messed" with her. M.'s mother then contacted the police. Detective Chris Loup of the Bryan Police Department was assigned the case, and he arranged for M. to be interviewed at the child advocacy center.

Harris argues that the evidence is insufficient because there was no physical evidence and because M.'s trial testimony differed in some respects from what she had said in her interview at the child advocacy center. Harris asserts that M. testified that when Harris first approached her, she was on the couch, but in the interview she said

that they were in the bathroom. At trial, she said that Harris made a second advance at her on the first occasion after her aunt had left, but she did not mention that in the interview. And lastly, he asserts that in the interview, M. said that her grandmother picked her up from Meca's apartment the next day, but at trial she said that her aunt picked her up.

An aggravated sexual assault conviction may rest solely on the testimony of a child victim. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014) (requirement that victim inform another person within one year does not apply to person under 17 at time of offense); *see Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet ref'd). Moreover, the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). As the reviewing court, we "should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony." *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). The jury can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). By finding Harris guilty, the jury obviously believed the victim's testimony. Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that Harris committed the offenses of aggravated sexual assault of a child beyond a reasonable doubt. We overrule the second issue.

In his first issue, Harris contends that the trial court abused its discretion by excluding evidence that M. was diagnosed with a sexually transmitted disease and made her outcry immediately after the diagnosis and that there were discrepancies about M.'s history of sexual partners. Harris asserts that, from M.'s medical records, before M.'s chlamydia diagnosis, she told the nurse practitioner that she had had one sexual partner in the last six months, that she had had three total partners, and that she had never had sex with anyone who had ever been in prison or jail. Harris claims that after the chlamydia diagnosis a week later, M. made her outcry and also changed her story in her interview at the child advocacy center, saying there that she had had only two partners and that one was Harris, who had previously been in prison.

Harris contends that this evidence was admissible under Rule of Evidence 412(b)(2)(C), which provides:

> (b) Evidence of Specific Instances. In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is also not admissible, unless:
>
> ....
>
> (2) it is evidence: ... (C) that relates to the motive or bias of the alleged victim; ...

TEX. R. EVID. 412(b)(2)(C).

Harris's theory is that, because M. did not want her mother and family to know that she had had a recent sexual partner, M. had a motive to place blame on Harris for her chlamydia diagnosis. According to Harris, M. allegedly knew that Harris had a

sexually transmitted disease,[1] and to protect herself from punishment for her sexual activity and chlamydia diagnosis, M. fabricated her allegations against him.

We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

First, we agree with the State that M.'s alleged inconsistent statements about the number of her sexual partners is not evidence of "specific instances" of sexual behavior that would implicate Rule 412. Moreover, M. did not testify about her sexual history, so the prior alleged inconsistent statements would not even be admissible under Rule 613. The trial court therefore did not abuse its discretion in excluding evidence of M.'s alleged inconsistent statements about the number of her sexual partners.

Second, regarding the exclusion of evidence of M.'s chlamydia diagnosis that she received just before making her outcry, we will assume without deciding that evidence of M.'s chlamydia diagnosis *could* be evidence of a specific instance of her past sexual behavior.[2]

Rule 412 creates "an extremely high hurdle" for the admissibility of evidence of specific instances of an alleged victim's past sexual behavior. *Todd v. State*, 242 S.W.3d 126, 129 (Tex. App.—Texarkana 2007, pet. ref'd). In addition to meeting the rule's

---

[1] In arguing for admissibility, Harris asserted to the trial court that he was diagnosed with herpes in 2007 and that "everyone" in the family knew that he had a sexually transmitted disease.

[2] Harris did not introduce or proffer evidence that chlamydia is transmitted only sexually, nor did he introduce or proffer evidence that he did not have chlamydia at the time of the alleged assaults.

requirements, the proposed evidence must demonstrate a "definite and logical link" between the victim's past sexual behavior and the alleged motive or bias. *See id.; Stephens v. State,* 978 S.W.2d 728, 734-35 (Tex. App.—Austin 1998, pet. ref'd).

In this case, we agree with the State's argument that Harris's theory for the admissibility of M.'s chlamydia diagnosis is merely speculative. First, other than his attorney's argument to the trial court during the offer of proof, there is no record evidence that M. knew that Harris had a sexually transmitted disease such that she could place blame on him for her chlamydia diagnosis three years after he allegedly sexually assaulted her.

Next, there is no evidence that M. was seeking to hide her sexual activity from her parents and family, no evidence that M.'s parents were unaware that she was sexually active, and no evidence that her parents would punish her for being sexually active and contracting chlamydia. Finally, and perhaps most importantly, there is no evidence that M. blamed Harris for her contraction of chlamydia. Harris's theory that M. fabricated her sexual assault allegations against him to explain her contraction of chlamydia is merely speculative; there is no evidence to support it, much less a "definite and logical link" to support its admissibility. *See Stephens,* 978 S.W.2d at 734-35; *Cooper v. State,* 959 S.W.2d 682, 684 (Tex. App.—Austin 1997, pet. ref'd); *see also Nevelow v. State,* No. 14-10-00332-CR, 2011 WL 2899377, at *6 & n.4 (Tex. App.—Houston [14th Dist.] July 21, 2011, pet. ref'd) (mem. op., not designated for publication). The trial court did not abuse its discretion in excluding the evidence of M.'s chlamydia diagnosis. We overrule issue one.

The trial court's judgment is affirmed.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 11, 2014
Do not publish
[CRPM]

